# EXHIBIT A

# Morgan Lewis

**Jennifer J. Clark**
Associate
+1.215.963.5203
jennifer.clark@morganlewis.com

June 30, 2016

**VIA FIRST CLASS MAIL**

Roger V. Ashodian, Esquire
Scholl Ashodian, Counselors at Law
101 West Chester Pike, Suite 1A
Havertown, PA  19083

**Re:** *Suzanne L. Bolger v. Jacqueline McCusker and JPMorgan Chase Bank, N.A.*, U.S. Bankr. Court, E.D. Pa., Adversary No. 13-0669-AMC

Dear Mr. Ashodian:

Enclosed please find copies of the following documents:

1. Defendant JPMorgan Chase Bank, N.A's Interrogatories (Set One) Directed to Plaintiff; and

2. Defendant JPMorgan Chase Bank, N.A's First Set Of Requests For Production Directed to Plaintiff.

Thank you for your attention in this regard.

Very truly yours,

*Jennifer J. Clark*

Jennifer J. Clark

JJC/emp
Enclosures

cc: Michael S. Bomstein, Esquire (via First Class and electronic mail w/ encl.)
    Jacqueline McCusker (via First Class mail w/ encl.)

**Morgan, Lewis & Bockius LLP**

1701 Market Street
Philadelphia, PA  19103-2921
United States

☎ +1.215.963.5000
📠 +1.215.963.5001

THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | Bankruptcy No. 13-13214-AMC |
| SUZANNE L. BOLGER, | Adversary No. 13-669-AMC |
| Debtors, | Chapter 13 |
| SUZANNE L. BOLGER, | |
| Plaintiff, | |
| vs. | |
| JACQUELINE MCCUSKER AND JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, AS ATTORNEY IN FACT FOR THE FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER OF WASHINGTON MUTUAL BANK F/K/A WASHINGTON MUTUAL BANK, FA | |
| Defendants. | |

**DEFENDANT JPMORGAN CHASE BANK, N.A'S FIRST SET OF REQUESTS FOR PRODUCTION DIRECTED TO PLAINTIFF SUZANNE L. BOLGER**

Pursuant to Federal Rule of Bankruptcy Procedure 7034, Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Bankruptcy Rule 7026-1, Defendant, JPMorgan Chase Bank, N.A. ("JPMC"), erroneously named herein as Attorney In Fact for the Federal Deposit Insurance Corporation, as receiver of Washington Mutual Bank f/k/a Washington Mutual Bank, FA, by and through its undersigned counsel, hereby propounds the following requests for production of documents and things ("Requests") to Plaintiff Suzanne L. Bolger. The documents requested herein should be produced to the undersigned at the offices of Morgan, Lewis & Bockius LLP, 1701 Market Street, Philadelphia, Pennsylvania 19103 no later than thirty (30) after service of

these Requests. In responding to these Requests, the following Instructions and Definitions shall apply:

## INSTRUCTIONS

1. In responding to these Requests, produce all documents and things in your possession, custody, or control, including documents in the possession of your attorneys, investigators or experts, and not merely documents in your personal possession. State in your response if you are aware of a document but cannot produce it after exercising due diligence to find or obtain the document.

2. If you withhold any document requested below pursuant to a claim of privilege or because you claim that the document or the information contained in the document constitutes work product or trial preparation material, that document is to be identified as follows: author(s), addressee(s), indicated or blind copy recipient(s), date, subject matter, number of pages, attachments or appendices, all persons to whom distributed, shown or explained, present custodian, and the nature of the privilege asserted.

3. For each document produced, identify the Request(s) to which it is responsive.

4. If there are no documents or things that are responsive to a request affirmatively state so for each such request.

5. This Request shall be deemed continuing so as to require you to produce additional responsive documents in a prompt manner if such documents are obtained by you between the time that you respond to this Request and the time of the trial of this proceeding.

6. If an objection is made to a Request or a part of a Request, the specific ground for the objection shall be set forth clearly in the Response.

7. Your Responses must comply with all requirements set forth by Federal Rule of Civil Procedure 34.

8. Any noun used in the singular form shall be construed and applied to include the plural form also, and vice versa.

**DEFINITIONS**

1. The terms "You," "Your" or "Plaintiff" shall mean Plaintiff Suzanne L. Bolger.

2. The term "JPMC" shall mean Defendant, JPMorgan Chase Bank, N.A., erroneously named herein as Attorney In Fact for the Federal Deposit Insurance Corporation, as receiver of Washington Mutual Bank f/k/a Washington Mutual Bank, FA.

3. The term "WaMu" shall mean Washington Mutual Bank f/k/a Washington Mutual Bank, FA.

4. The term "McCusker" shall mean Defendant Jacqueline McCusker.

5. The term "Long Beach" shall mean Long Beach Savings & Loan.

6. The term "Property" shall mean said real property located at 1575 Doerr Road, Quakertown, Pennsylvania 18951.

7. The term "2005 Transaction" shall mean the alleged agreement between the Plaintiff Suzanne L. Bolger and Defendant Jacqueline McCusker whereby McCusker bought the Property, Plaintiff was permitted to remain in the Property, and Plaintiff entered into a lease with an option to purchase the Property for the amount of the appraised value of the Property at the time of purchase less 50% of the equity in the Property at the time of Plaintiff's transaction with McCusker.

8. The term "Mortgage" shall mean the mortgage granted to Washington Mutual Bank f/k/a Washington Mutual Bank, FA by Defendant Jacqueline McCusker, and recorded in

3

the office of the Bucks County Recorder of Deeds on August 1, 2007 as instrument number 2007071030.

9. The term "Amended Adversary Complaint" shall mean the Plaintiff's Amended Adversary Complaint filed on April 28, 2014 in the United States Bankruptcy Court for the Eastern District of Pennsylvania, in the action styled *Suzanne L. Bolger v. Jacqueline McCusker and JP Morgan Chase Bank, N.A. as Attorney In Fact for the Federal Deposit Insurance Corporation, as receiver of Washington Mutual Bank f/k/a Washington Mutual Bank, FA*, Adversary Proc. No. 13-0069.

10. The terms "And" and "Or" shall be interpreted as both conjunctive and disjunctive as necessary.

11. The terms "All," "Including," "Each" and "Every" shall mean each and every without limitation.

**REQUESTS**

1. At paragraph 28 of your Amended Adversary Complaint, you allege that WaMu "made reasonable inquiry of" Long Beach and learned that you continued to reside in the Property under an agreement with McCusker under which "it would have been obvious that Plaintiff had been the victim of the scheme." Please produce each and every document referring to or relating to the alleged inquiry.

2. Please produce each and every document referring or relating to your contention that JPMC had actual knowledge that the 2005 Transaction constituted a fraud perpetrated by McCusker on you with respect to the Property.

3. At paragraph 30 of your Amended Adversary Complaint, you allege that JPMC "became the receiver of and/or otherwise acquired Washington Mutual Bank, stands in the shoes

4

of Washington Mutual." Please produce each and every document referring or relating to this contention.

    4.    Please produce each and every document referring or relating to your contention that JPMC has no interest in the Property.

    5.    Please produce each and every document referring or relating to any fact upon which you base your contention that JPMC's interest in the Mortgage is voidable.

    6.    Please produce each and every document referring or relating to any fact upon which you base your contention that Plaintiff has title to the Property.

Date: June 30, 2016

By: MORGAN, LEWIS & BOCKIUS LLP
/s/ Jennifer J. Clark
Jennifer J. Clark, Esquire
1701 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-5203
Fax: (215) 963-5001
Email: jennifer.clark@morganlewis.com

*Attorney for Defendant JPMorgan Chase Bank, N.A., erroneously named herein as Attorney In Fact for the Federal Deposit Insurance Corporation, as receiver of Washington Mutual Bank f/k/a Washington Mutual Bank, FA*

5

## CERTIFICATE OF SERVICE

I hereby certify that on this 30 day of June, 2016, a copy of the foregoing document was served via regular and electronic mail to counsel of record at the following addresses:

Roger V. Ashodian
Scholl Ashodian, Counselors at Law
101 West Chester Pike, Suite 1A
Havertown, PA 19083
rashodian@schollashodian.com

Michael S. Bomstein
Pinnola & Bomstein
Land Title Building
100 S Broad St #2126
Philadelphia, PA 19110
mbomstein@gmail.com

I further certify that a true and correct copy of the foregoing document was served upon the following party via regular mail, postage-prepaid:

Ms. Jacqueline McCusker
26 Pheasant Run Road
New Hope, PA 18938

Date: June 30, 2016

*Jennifer J. Clark*
Jennifer J. Clark

THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | Bankruptcy No. 13-13214-AMC |
| SUZANNE L. BOLGER, | Adversary No. 13-669-AMC |
| Debtor, | Chapter 13 |
| SUZANNE L. BOLGER, | |
| Plaintiff, | |
| vs. | |
| JACQUELINE MCCUSKER AND JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, AS ATTORNEY IN FACT FOR THE FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER OF WASHINGTON MUTUAL BANK F/K/A WASHINGTON MUTUAL BANK, FA | |
| Defendants. | |

### DEFENDANT JPMORGAN CHASE BANK, N.A'S INTERROGATORIES (SET ONE) DIRECTED TO PLAINTIFF SUZANNE L. BOLGER

Pursuant to Federal Rule of Bankruptcy Procedure 7033, Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Bankruptcy Rule 7026-1, Defendant, JPMorgan Chase Bank, N.A. ("JPMC"), erroneously named herein as Attorney In Fact for the Federal Deposit Insurance Corporation, as receiver of Washington Mutual Bank f/k/a Washington Mutual Bank, FA, by and through its undersigned counsel, hereby propounds the following interrogatories ("Interrogatories") to Plaintiff Suzanne L. Bolger, to be answered no later than thirty (30) days after service. In responding to these Interrogatories, the following Instructions and Definitions shall apply:

## INSTRUCTIONS

1. Each Interrogatory shall be construed independently, and no Interrogatory shall be viewed as limiting the scope of any other Interrogatory in this set.

2. All Interrogatory responses ("Responses") shall be numbered separately and in the same manner and sequence as the corresponding Interrogatory.

3. If an objection is made to an Interrogatory or a part of an Interrogatory, the specific ground for the objection shall be set forth clearly in the Response.

4. If you do not have personal knowledge sufficient to fully respond to an Interrogatory, you should so state, and make a reasonable and good faith effort to obtain the information by inquiry to other persons or organizations and by reviewing documents in your possession or under your control.

5. Your Responses must comply with all requirements set forth by Federal Rule of Civil Procedure 33.

6. In answering these Interrogatories, you must respond based on all information which is available to you, including information in the possession of your attorneys, investigators or experts, and not merely information which is within your own personal knowledge.

7. If complete responses to any Interrogatory are withheld on the basis of any asserted privilege, including the attorney-client privilege or the work-product rule, a statement shall be provided setting forth (a) the type of privilege asserted, (b) the basis for the assertion of the privilege, and (c) identifying the information being withheld with sufficient particularity to bring the matter before the Court to obtain a ruling on your claim of privilege.

8. Pursuant to Federal Rule of Civil Procedure 26(e)(1), you are under a duty to supplement or correct your responses to these Interrogatories in a timely manner if you learn that, in some material respect, your response is incomplete or incorrect

9. Any noun used in the singular form shall be construed and applied to include the plural form also, and vice versa.

## DEFINITIONS

1. The terms "You," "Your" or "Plaintiff" shall mean Plaintiff Suzanne L. Bolger.

2. The term "JPMC" shall mean Defendant, JPMorgan Chase Bank, N.A., erroneously named herein as Attorney In Fact for the Federal Deposit Insurance Corporation, as receiver of Washington Mutual Bank f/k/a Washington Mutual Bank, FA.

3. The term "WaMu" shall mean Washington Mutual Bank f/k/a Washington Mutual Bank, FA.

4. The term "McCusker" shall mean Defendant Jacqueline McCusker.

5. The term "Long Beach" shall mean Long Beach Savings & Loan.

6. The term "Property" shall mean said real property located at 1575 Doerr Road, Quakertown, Pennsylvania 18951.

7. The term "2005 Transaction" shall mean the alleged agreement between the Plaintiff Suzanne L. Bolger and Defendant Jacqueline McCusker whereby McCusker bought the Property, Plaintiff was permitted to remain in the Property, and Plaintiff entered into a lease with an option to purchase the Property for the amount of the appraised value of the Property at the time of purchase less 50% of the equity in the Property at the time of Plaintiff's transaction with McCusker.

3

8. The term "Mortgage" shall mean the mortgage granted to Washington Mutual Bank f/k/a Washington Mutual Bank, FA by Defendant Jacqueline McCusker, and recorded in the office of the Bucks County Recorder of Deeds on August 1, 2007 as instrument number 2007071030.

9. The term "Amended Adversary Complaint" shall mean the Plaintiff's Amended Adversary Complaint filed on April 28, 2014 in the United States Bankruptcy Court for the Eastern District of Pennsylvania, in the action styled *Suzanne L. Bolger v. Jacqueline McCusker and JP Morgan Chase Bank, N.A. as Attorney In Fact for the Federal Deposit Insurance Corporation, as receiver of Washington Mutual Bank f/k/a Washington Mutual Bank, FA*, Adversary Proc. No. 13-0069.

10. The terms "And" and "Or" shall be interpreted as both conjunctive and disjunctive as necessary.

11. The terms "All," "Including," "Each" and "Every" shall mean each and every without limitation.

### INTERROGATORIES

1. At paragraph 20 of your Amended Adversary Complaint, you allege that "A simple examination of Exhibit[] A … by Long Beach Mortgage would have revealed that the transaction was not a bona fide sale of the Home from Plaintiff and her then husband to Defendant-McCusker." Set forth each and every fact upon which you base the foregoing allegation.

2. At paragraph 28 of your Amended Adversary Complaint, you allege that WaMu "made reasonable inquiry of" Long Beach and learned that you continued to reside in the Property under an agreement with McCusker under which "it would have been obvious that

4

Plaintiff had been the victim of the scheme." Set forth each and every fact upon which you base the foregoing allegation including: (a) the name of the person or persons who made the referenced inquiry on WaMu's behalf, (b) the name of the person or persons who responded to the referenced inquiry on Long Beach's behalf and (c) the information provided to WaMu by Long Beach in relation to that inquiry.

3. Set forth each and every fact upon which you base your contention that JPMC had actual knowledge that the 2005 Transaction constituted a fraud perpetrated by McCusker on you with respect to the Property.

4. Set forth each and every fact upon which you base your contention that JPMC has no interest in the Property.

5. Set forth each and every fact upon which you base your contention that JPMC's interest in the Mortgage is voidable.

6. Set forth each and every fact upon which you base your contention that Plaintiff has title to the Property.

7. At paragraph 30 of your Amended Adversary Complaint, you allege that JPMC "became the receiver of and/or otherwise acquired Washington Mutual Bank, stands in the shoes of Washington Mutual." Set forth each and every fact upon which you base the foregoing allegation.

Date: June 30, 2016

By: MORGAN, LEWIS & BOCKIUS LLP

Jennifer J. Clark, Esquire
1701 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-5203
Fax: (215) 963-5001
Email: jennifer.clark@morganlewis.com

5

*Attorney for Defendant JPMorgan Chase Bank, N.A., erroneously named herein as Attorney In Fact for the Federal Deposit Insurance Corporation, as receiver of Washington Mutual Bank f/k/a Washington Mutual Bank, FA*

6

## CERTIFICATE OF SERVICE

I hereby certify that on this 30 day of June, 2016, a copy of the foregoing document was served via regular and electronic mail to counsel of record at the following addresses:

Roger V. Ashodian
Scholl Ashodian, Counselors at Law
101 West Chester Pike, Suite 1A
Havertown, PA  19083
rashodian@schollashodian.com

Michael S. Bomstein
Pinnola & Bomstein
Land Title Building
100 S Broad St #2126
Philadelphia, PA 19110
mbomstein@gmail.com

I further certify that a true and correct copy of the foregoing document was served upon the following party via regular mail, postage-prepaid:

Ms. Jacqueline McCusker
26 Pheasant Run Road
New Hope, PA  18938

Date: June 30, 2016

Jennifer J. Clark